Mark S. Kaufman
 (Email: kaufman@kaufmankahn.com)
KAUFMAN & KAHN, LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 293-5556



11 CIV 0008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GLEN P. FARRELL,

          Petitioner,

  -- against --

SUBWAY INTERNATIONAL, B.V.,

          Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.

**NOTICE OF REMOVAL**

### TO THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

Subway International, B.V., respondent in the underlying proceeding, as and for its petition for removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1446, F.R. Civ. P. 81 and Local Rule 81.1, respectfully shows the following to this Court:

1.    Subway International, B.V. ("Subway"), is a respondent in a civil proceeding brought against it in the Supreme Court of the State of New York, County of New York, entitled "GLEN FARRELL, Petitioner, against SUBWAY INTERNATIONAL, B.V., Respondent" (Index No. 115634/2010).

2.    Copies of the Notice of Petition, Verified Petition for a Stay of Arbitration, Affidavit of Benjamin K. Semel and Memorandum of Law in Support thereof, and Request for Judicial

Intervention, sent to Subway in connection with the state court action, are submitted contemporaneous herewith and constitute all process, pleadings and orders served upon Subway.

3. Glen Farrell ("Farrell"), petitioner in the underlying proceeding (and respondent to this petition), purportedly commenced the underlying state court action by sending the Notice of Petition, dated December 1, 2010, to the corporate headquarters of Franchise World Headquarters ("FWHQ") in Milford, Connecticut. FWHQ received the same on December 3, 2010.

4. Subway was purportedly served with the Notice of Petition and supporting papers at its offices in Amsterdam, The Netherlands, on December 6, 2010.

5. At all times mentioned herein, Subway is and was incorporated under the laws of the Netherlands, with its principal place of business in Amsterdam, The Netherlands.

6. Upon information and belief, Farrell is an individual residing in and with a principal place of business in Ireland.

7. The controversy herein between Farrell and Subway is subject to an arbitration agreement arising out of a legal relationship which is considered to be commercial, and falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, T.I.A.S. No. 6997, 21 U.S.T. 2517, 1970 WL 104417 (U.S. Treaty) (the "Convention"), Article II, duly ratified by the United States, Ireland and The Netherlands, and codified in 9 U.S.C. § 201, *et seq.*

8. As required by 9 U.S.C. § 202, the controversy herein between Farrell and Subway is not between citizens of the United States, and in any event involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

9. This is a civil action brought in a state court of which the District Courts of the United States have original jurisdiction by reason of 9 U.S.C. § 203.

10. Because the subject matter of this proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, and because the State court proceeding has not proceeded to trial, Subway may remove such proceeding to the district court of the United States for the district embracing the place where the action or proceeding is pending, by reason of 9 U.S.C. § 205.

11. Because Subway is not in actual custody on process issued by the New York State court, the district court is not required to issue a writ pursuant to 28 U.S.C. § 1446(e).

**WHEREFORE**, Subway International, B.V., prays that its petition be accepted by this Court as good and sufficient and that this proceeding proceed in this Court as a properly removed case, and that Subway have such other, further and different relief granted that as to this Court may deem just and proper.

Dated: New York, New York
January 3, 2011

Respectfully submitted,

KAUFMAN & KAHN, LLP

Mark S. Kaufman
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 293-5556
Email: kaufman@kaufmankahn.com

To: Benjamin K. Semel
Pryor Cashman LLP
7 Times Square
New York, NY 10036