UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

*In the Matter of the Application of*

GLEN P. FARRELL,

Case No. 11 civ. 0008(JFK)(AJP)

Petitioner,

*for Judgment Pursuant to CPLR 7503(b)*
*Staying the Arbitration Sought by*

**VERIFIED ANSWER AND**
**COUNTERCLAIM**

SUBWAY INTERNATIONAL B.V.,
a Netherlands corporation,

Respondent.

------------------------------------------------------------------x

Respondent Subway International B.V., a Netherlands corporation ("Respondent" or "Subway"), by and through its undersigned attorneys, respectfully files the following answer to Petitioner's verified petition for a stay of the arbitration, stating in support thereof as follows:

1. Denies having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3.

4. Denies having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5.

6. Denies the allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10 and respectfully refers the Court to the Franchise Agreement between the parties to ascertain its meaning.

11. Denies the allegations contained in paragraph 11 and respectfully refers the Court to the UNCITRAL rules to ascertain their meaning.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegation contained in paragraph 13, except admits that the Franchise Agreement is governed by the law of Liechtenstein.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Neither admits nor denies the allegations contained in paragraph 19 and respectfully refers the Court to the Franchise Agreement between the parties to ascertain its meaning.

20. Denies the allegations contained in paragraph 20.

First Affirmative Defense

21. The franchise agreement between the parties provides for arbitration and respondent's claim for royalty and advertising fees are within the scope of the arbitration provision.

Second Affirmative Defense

22. Petitioner would not be "grossly disadvantaged" in holding the arbitration proceeding in New York.

### Third Affirmative Defense

23.    The petition to stay the arbitration proceeding is barred by virtue of the doctrine of waiver.

### Fourth Affirmative Defense

24.    The petition to stay the arbitration proceeding is barred by virtue of the doctrine of estoppel.

### Fifth Affirmative Defense

25.    The petition to stay the arbitration proceeding is barred by virtue of the doctrine of unclean hands.

### Counterclaim

26.    Paragraph 10(i) of the Franchise Agreement provides, in part, that if a party commences action in any court, except to compel arbitration, or except as specifically permitted under the Franchise Agreement, prior to an arbitrator's final decision, then that party is in default and the defaulting party will be responsible for all expenses incurred by the other party including lawyers' fees.

27.    Petitioner's petition for a stay of the arbitration proceeding is improper and the legal fees and expenses to defend this proceeding should be awarded to respondent pursuant to the Franchise Agreement.

WHEREFORE, respondent Subway International B.V. respectfully requests that this Court dismiss the petition to stay the arbitration and enter a judgment in favor of respondent on its first counterclaim in an amount to be determined at trial, together with the costs and disbursements of this proceeding, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 10, 2011

                                                   KAUFMAN & KAHN, LLP

                                                   By: _____
                                                     Robert L. Kahn
                                                       (Email: kahn@kaufmankahn.com)
                                                     Mark S. Kaufman
                                                     (Email: kaufman@kaufmankahn.com)
                                                   747 Third Avenue - 32nd Floor
                                                   New York, NY 10017
                                                   (212) 293-5556
                                                   Attorneys for Respondent

TO:   PRYOR CASHMAN LLP
        Attorneys for Petitioner
        7 Times Square
        New York, New York 10036
        (212) 421-4100

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Robert L. Kahn, being one of the attorneys for the respondent Subway International B.V., a Netherlands corporation, hereby affirms under the penalties of perjury that I have read the foregoing answer and counterclaim and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. The basis for my beliefs are conversations with respondent and review of relevant documents. The reason I make this verification rather than respondent is that respondent is a foreign corporation and located in a county other than where I have my office.

Dated: New York, New York
       January 10, 2011

_____
Robert L. Kahn